IN THE CIRCUIT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

KARIE RATHBUN,

    Plaintiff,

vs.                            CASE NO.  08-CA-019840
                                            Judge: Gerald. Lynn, Jr.

TROPIC ENTERPRISES, LLC, a
Florida Corporation, d/b/a TROPIC TRAILER,

    Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Karie Rathbun, by and through her undersigned counsel, complaining of Defendant, alleges as follows.

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy discrimination in her employment in Violation of the Florida Civil Rights Act of 1992 (hereinafter "FCRA"), Fla. Stat. § 760.01 et. seq. (1992); and for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"); and for minimum wages pursuant to 29 U.S.C. §206. Plaintiff was employed by Defendant, Tropic Enterprises, LLC, in Lee County, Florida.

### II. JURISDICTION

2. The damages are in excess of the amount required for the jurisdiction of this Court. Venue within this jurisdiction is proper as the unlawful practices complained of herein occurred within this Court's domain.

3. Plaintiff, Karie Rathbun, is a resident of Lee County, Florida.

4. Defendant, Tropic Enterprises, LLC, is a Florida corporation that operates and conducts business in Lee County, Florida, and is therefore, within the jurisdiction of this Court.

## III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

5. Plaintiff, Karie Rathbun, filed her Charge of Discrimination on the basis of Sex and Marital Status on March 6, 2008, against the Defendant, Tropic Enterprises, LLC d/b/a Tropic Trailer (hereinafter Tropic Enterprises, LLC), with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") complaining of the discrimination alleged herein. Plaintiff has complied with all administrative prerequisites to sue under the FCRA. Plaintiff's other claims do not require exhaustion of any administrative remedies prior to institution of proceedings in a Court of competent jurisdiction.

6. The Florida Commission on Human Relations has failed, within 180 days of filing her charge with said Commission, to conciliate or determine whether there is reasonable cause on the Plaintiff's Complaint and Charges of Discrimination referred to in this complaint.

## IV. PARTIES

7. Plaintiff, Karie Rathbun, a resident of Lee County, Florida, is a 37 year-old female.

8. Defendant, Tropic Enterprises, LLC, is a Florida corporation, doing business in the State of Florida, and an employer within the meaning of the FCRA.

## V. STATEMENT OF CLAIM

9. Plaintiff is a member of a protected group under the FCRA; she is female.

10. Plaintiff, Karie Rathbun, was employed by Tropic Enterprises, LLC from September 2005 until January 5, 2008, in Fort Myers, Lee County, Florida.

11. On or about January 5, 2008, Plaintiff, Karie Rathbun was terminated/laid-off effective immediately from her full-time position with Tropic Enterprises, LLC.

(a) Plaintiff, Karie Rathbun, filed a claim of Sex Discrimination because she was the only female to be laid-off in her Department within the Company. She was given reduced wages based upon her sex. Eli Mendes, President of Tropic Enterprises, LLC wanted her to work for less money but was keeping the male staff at the same rate of pay.

(b) Plaintiff, Karie Rathbun, filed a claim of Marital Discrimination because Eli Mendes, President of Tropic Enterprises, LLC told her, that she was being laid-off because her husband was working. Plaintiff alleges no single women lost their job.

12. This action is also brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty within a work week.

15. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## SEX AND MARITIAL DISCRIMINATION

17. Plaintiff, Karie Rathbun, repeats and realleges allegation of paragraph 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. The actions of Tropic Enterprises, LLC, its employees or agents, more particularly described in Paragraph 11 (a) and (b) created a discriminating work place.

19. By the above acts described in Paragraph 11 (a) and (b) Defendant, Tropic Enterprises, LLC, violated the FCRA by discriminating against the Plaintiff because of her sex and marital status which affected the terms, conditions, and privileges of her employment.

20. Defendant's acts were with malice and a reckless disregard for Plaintiff's statutorily protected civil rights.

21. As a direct and proximate result of said acts, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices, unless and until this Court grants relief.

WHEREFORE, Plaintiff prays that this Court will:

a. Declare that the acts and practices complained of herein are in violation of the FCRA;

b. Enjoin Defendant from continuing or maintaining any policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their sex, which rights are secured by the FCRA;

4

c. Direct the Defendant, Tropic Enterprises, LLC, to pay Plaintiff, Karie Rathbun, compensatory damages representing lost wages and all other sums of money, including, but not limited to retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits, and all other employment benefits which were lost, together with said amounts and interest for the injuries suffered as a result of Defendant's violations of the FCRA;

d. Grant Plaintiff, Karie Rathbun, her costs and a reasonable award of attorney's fees; and

e. Grant such other and further relief as is just.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-16 above.

23. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

24. While employed with Tropic Enterprises, Plaintiff was in a meeting with Eli Mendes, President of Tropic Enterprises, LLC, and his Accountant and knows that the Accountant told Mr. Mendez that he was required to pay her overtime wages.

25. Plaintiff's attorney sent a letter demanding payment of overtime wages to Defendant on February 14, 2008, pursuant to F.S. 448.110. See Exhibit "A."

26. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty

(40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RECOVERY OF MINIMUM WAGES

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

29. Plaintiff was entitled to be paid minimum wage for each hour worked during her employment with Defendant.

30. Plaintiff, Karie Rathbun's employment ended with Defendant on or about January 5, 2008.

31. Plaintiff, Karie Rathbun, has demanded compensation for hours worked, but Defendant, has refused and/or failed to compensate her for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during the last two weeks of employment with Defendant.

32. Plaintiff's attorney sent a letter demanding payment of unpaid wages to Defendant on February 14, 2008, pursuant to F.S. 448.110. See Exhibit "A."

33. Defendant willfully failed to pay Plaintiff minimum wages for the last two weeks of work contrary to 29 U.S.C. §206.

34. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the last two weeks of work with Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, for the payment of minimum wage for all hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

35. Plaintiff, Karie Rathbun, demands a Trial by Jury on all issues so triable.

Respectfully submitted this ____ day of July, 2008.

> BERKE & LUBELL, P.A.
> 1003 Del Prado Blvd., Ste. 300
> Cape Coral, FL 33990
> Telephone: (239) 549-6689
> Facsimile Number: (239) 549-3331
>
> _____
> Bill B. Berke, Esq.
> Florida Bar No. 558011

## Berke & Lubell, P.A.

www.yourinjurylawyer.com
www.accidentado.com
Serving SW Florida for over 20 years

1003 Del Prado Boulevard, Suite 300
Cape Coral, Florida 33990
(239) 549-6689    Fax (239) 549-3331
E-Mail: berkelaw@yahoo.com

Bill B. Berke*
Evan D. Lubell

*Board Certified Workers'
Compensation Attorney

Collier County:
(239) 514-7600

Charlotte County:
(941) 743-8133

Immokalee:
(239) 657-2777

February 14, 2008

7007 0710 0004 8743 1665

VIA CERTIFIED MAIL, RETURN RECEIPT
7007 0710 0004 8743 1665
Eli Mendes, Member & Manager
Tropic Enterprises, LLC
d/b/a Tropic Trailer
9451 Workmen Way
Fort Myers, Florida 33905

RE:   Our Client:   Karie M. Rathbun
      Defendant:   Tropic Enterprises, LLC, d/b/a Tropic Trailer

Dear Mr. Mendes:

Please be advised that we represent Karie M. Rathbun regarding claims of unpaid overtime compensation and unpaid wages against Tropic Enterprises, LLC, d/b/a Tropic Trailer.

It is our understanding that Tropic Enterprises, LLC failed to (1) properly compensate Ms. Rathbun for hours worked over forty (40) hours; (2) failed to pay Ms. Rathbun in full for her last complete week worked; and, (3) failed to pay Ms. Rathbun at all for an additional two (2) days worked prior to separation.

If we do receive a response to attempt to resolve this claim within fourteen (14) days of this letter, we will have no recourse other than to proceed accordingly.

Sincerely,

Bill B. Berke

BBB/amb

Enclosure
cc:   Karie M. Rathbun

Exhibit "A"